IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FCA US LLC, | Case No. 3:24-cv-01698-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) and UAW LOCAL 492, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

On October 4, 2024, Plaintiff FCA US LLC ("Plaintiff") filed this action against Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and UAW Local 492 (together, "Defendants") under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The previous day, Plaintiff filed a nearly identical action against UAW and its local union in a California federal court. *See* Complaint at 1-14 & Exhibit A at 1-4, *FCA US LLC v. UAW*, No. 5:24-cv-02123 (C.D. Cal. filed Oct. 3, 2024), ECF No. 1. Plaintiff also filed similar cases in Arizona, Illinois, Indiana, Ohio,

PAGE 1 – OPINION AND ORDER

Michigan, Massachusetts, Texas, Colorado, Georgia, and Minnesota federal courts on or after October 4, 2024.

Defendants now move to dismiss or stay this proceeding pursuant to the first-to-file rule.[1] Plaintiff also moves to stay this proceeding pending the Judicial Panel on Multidistrict Litigation's ("JPML") resolution of Plaintiff's motion to transfer this case under 28 U.S.C. § 1407. For the reasons explained below, the Court grants Plaintiff's motion for a temporary stay pending the JPML's decision and defers its ruling on Defendants' motion under the first-to-file rule.[2] *See FCA US LLC v. UAW*, No. 1:24-cv-01755, 2025 WL 258899, at *1-2 (S.D. Ind. Jan. 21, 2025) (noting that several "district courts ha[d] already entered stays pending the JPML's [decision] and declined to rule on the Unions' motions," and "staying proceedings pending the JPML's ruling").

///

---

[1] Defendants also recognized that the Court has discretion to transfer this case to the California federal court. (Defs.' Mem. Supp. Mot. Dismiss or Stay ("Defs.' Mem. Supp.") at 12, ECF No. 13-1.)

[2] Plaintiff's motion is non-dispositive because it does not dispose of any claims or defenses and does not effectively deny any ultimate relief. Thus, the Court may resolve Plaintiff's motion without full consent to the jurisdiction of a U.S. Magistrate Judge under 28 U.S.C. § 636(c). *See Gardner v. Brown*, No. 2:21-cv-01256-SB, 2021 WL 6134365, at *2 n.3 (D. Or. Dec. 29, 2021) (making the same observation regarding a motion to stay (citing, *inter alia*, *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013))); *see also Castro v. Castillo*, No. 2:23-cv-00448, 2024 WL 2922633, at *1-3 & n.1 (E.D. Cal. May 15, 2024) (issuing an order granting the defendants' alternative motion to stay, and stating it was within the magistrate judge's authority to resolve the motion to stay without full consent because it did not dispose of any claims or defenses and did not effectively deny any ultimate relief (citing *Le v. Brown*, No. 6:21-cv-01027-SB, 2021 WL 4940862, at *2 n.1 (D. Or. Oct. 22, 2021))). The Court also notes that in non-consent cases from this district, magistrate judges have issued Orders on similar motions. *See Oregon v. Johnson & Johnson*, No. 3:11-cv-00086-AC, 2011 WL 1347069, at *2, *7 (D. Or. Apr. 8, 2011) (issuing an order in a non-consent case granting a motion for "a brief stay" and explaining that the case was stayed "pending possible transfer of th[e] action to the . . . MDL"); *Barnhart v. Prospect Mortg., LLC*, No. 3:13-cv-00669-HU, 2013 WL 5434569, at *1-2 (D. Or. Sept. 30, 2013) (issuing a pre-consent order denying a motion to stay "pending resolution of [a] motion to transfer th[e] case to the [JPML]").

PAGE 2 – OPINION AND ORDER

**BACKGROUND**

After filing its initial lawsuit in California, Plaintiff "filed substantively identical suits—including this one—in eleven other states naming UAW and the relevant local UAW unions as defendants[.]" *FCA US LLC v. UAW*, No. 24-cv-04041, 2025 WL 314966, at *1 (D. Minn. Jan. 28, 2025) (simplified); *see also FCA US LLC*, 2025 WL 258899, at *1 ("The cases are identical in all relevant respects[.]"). Each case concerns Plaintiff's and UAW's collective bargaining agreement ("CBA"), which expires in 2028 and includes a "Letter 311." *FCA US LLC*, 2025 WL 314966, at *1.

The CBA "prohibits UAW and its local unions . . . from initiating or authorizing a strike before the CBA's grievance process is exhausted," and Letter 311 memorializes Plaintiff's "various conditional promises of future investments[.]" *Id.*; *see also FCA US LLC*, 2025 WL 258899, at *1 n.1 (explaining that the CBA's Letter 311 summarizes various investments in "numerous plants, including in Illinois and Michigan"). In its lawsuits, Plaintiff alleges that "UAW and [its respective local union] are engaged in a campaign of false communications to the public about Letter 311, 'sham' grievances claiming [Plaintiff] is violating Letter 311, and impermissible threats to strike in support of those grievances." *FCA US LLC*, 2025 WL 258899, at *1.

**DISCUSSION**

Plaintiff seeks a temporary stay of this proceeding pending the JPML's resolution of its motion to transfer this case under 28 U.S.C. § 1407. (Pl.'s Mot. Stay Proc. Pending Resol. Mot. Transfer ("Pl.'s Mot.") at 2, ECF No. 15; *see also* Pl.'s Mem. Supp. Mot. Stay ("Pl.'s Mem. Supp.") at 8, ECF No. 16, addressing a "temporary stay" and whether Defendants would suffer any prejudice).

///

PAGE 3 – OPINION AND ORDER

I.  APPLICABLE LAW

A "district court possesses 'inherent authority to stay federal proceedings pursuant to its docket management powers.'" *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (quoting *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023)). "The Supreme Court first recognized this authority in *Landis v. North American Co.*, 299 U.S. 248 (1936)[.]" *Ernest*, 76 F.4th at 842. The Supreme Court "explain[ed] that 'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id.* (quoting *Landis*, 299 U.S. at 254). The Supreme Court also explained that a district court's "decision to stay proceedings 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *In re PG&E*, 100 F.4th at 1085 (quoting *Landis*, 299 U.S. at 254-55).

The Ninth Circuit has "identified three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay[.]" *Id.* (quoting *Ernest*, 76 F.4th at 842). Specifically, courts must weigh "(1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" *Ernest*, 76 F.4th at 842 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). "A district court's concern for the last factor, which courts refer to as 'judicial efficiency,' 'standing alone is not necessarily a sufficient ground to stay proceedings.'" *In re PG&E*, 100 F.4th at 1085 (citing *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)); *see also Barnhart*, 2013 WL 5434569, at *1 (describing the third factor as "the judicial resources that would be saved by avoiding duplicative litigation if the [MDL] cases were in fact consolidated" (quoting *Johnson &*

PAGE 4 – OPINION AND ORDER

*Johnson*, 2011 WL 1347069, at *2)); *Am. Civ. Liberties Union of Or., Inc. v. U.S. Dep't of Homeland Sec.*, No. 3:17-cv-00575-HZ, 2017 WL 11699055, at *1 (D. Or. June 19, 2017) (same).

## II. ANALYSIS

The Court concludes that on balance, the relevant factors support granting Plaintiff's motion for a temporary stay. *See generally In re PG&E,* 100 F.4th at 1085 ("A district court 'may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983))).

### A.   First Factor

The first factor is "the possible damage which may result from the granting of a stay[.]" *Ernest*, 76 F.4th at 842 (quoting *Lockyer*, 398 F.3d at 1110). This factor weighs in favor of a stay.

Defendants argue that they would suffer prejudice if the Court grants a temporary stay, which "would likely last two months or more," because it "prevent[s] them from obtaining a prompt ruling on their motion for judgment on the pleadings, perpetuating a chilling effect on public speech and legitimate activities authorized by the parties' [CBA]." (Defs.' Resp. Pl.'s Mot. Stay Proc. ("Defs.' Resp.") at 2-3, ECF No. 22.) Defendants' argument is not persuasive.

As Defendants recently recognized (*see* Defs.' Notice Suppl. Auth. at 1-4, ECF No. 32; *id.* Ex. 1 at 1-7), the California federal court entered an Order on February 6, 2025, granting UAW and the local union's motion for judgment on the pleadings, denying as moot Plaintiff's motion to stay, dismissing without prejudice Plaintiff's first-filed action, and terminating the case. *See* Minutes, *FCA US LLC v. UAW*, No. 5:24-cv-02123 (C.D. Cal. filed Feb. 6, 2025), ECF

PAGE 5 – OPINION AND ORDER

No. 55 (describing the district court's Order and stating that the "[c]ase [was] [t]erminated"). Thus, Defendants have been able to obtain a ruling on a substantively identical motion. *See FCA US LLC*, 2025 WL 314966, at *1 n.2 (noting that subject to two inapplicable exceptions, Plaintiff and UAW "filed substantively identical motions in each of the parallel cases").

Also noteworthy is that the parties have already agreed to stay all deadlines in this case pending resolution of Plaintiff's motion to stay and/or Defendants' motion to dismiss or stay under the first-to-file rule. (*See* ECF Nos. 23, 26); *cf. FCA US LLC*, 2025 WL 314966, at *2 (finding that the "first stay factor—potential prejudice to [the d]efendants— . . . weigh[ed] in favor of stay," and stating that "importantly, . . . the parties ha[d] already agreed to stay all deadlines . . . pending resolution of the instant motion [to stay] and [the d]efendants' motion to transfer venue").

The Court also notes that Defendants' supplemental authority failed adequately to address intervening events that are relevant to the Court's analysis of Defendants' motion under the first-to-file rule. There must be an action pending in the first district court for the first-to-file rule to apply, and a court's analysis typically begins with the chronology of lawsuits. *See Harman Int'l Indus., Inc. v. Jem Accessories, Inc.*, No. 23-55774, 2024 WL 4750497, at *1 (9th Cir. Nov. 12, 2024) (holding that the district court did not abuse its discretion in denying a motion to dismiss or transfer under the first-to-file rule, and explaining that "[t]he first-to-file rule [did] not apply" because "[n]o action . . . was pending in [the first district court] at the time the [second district] court denied the motion"); *see also Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (stating that in evaluating a motion under the first-to-file rule, "a court analyzes three factors[, i.e.,] chronology of the lawsuits, similarity of

the parties, and similarity of the issues" and "[o]rdinarily . . . start[s] by analyzing which lawsuit was filed first").

The California federal court terminated the first-filed action on February 6, 2025 (*see* Defs.' Notice Suppl. Auth. at 1-4, ECF No. 32; *id.* Ex. 1 at 1-7), which means that the recently transferred Massachusetts action is now the only related case pending in California federal court. (*See, e.g., id.* Ex. 2 at 1.) The record reflects that Plaintiff filed the Massachusetts action on the same day it filed this action (*see* Defs.' Mem. Supp. at 3, listing the Massachusetts action before but under the identical filing date), but does not address the specific times of filing or whether a subsequent transfer to the first district court has any impact on the Court's analysis of the chronology of lawsuits. In its recently filed supplemental authority, Defendants simply argue that "[b]ecause the instant action presents the same material facts and claims as the . . . California action, this Court should deny [Plaintiff's] stay motion and grant [Defendants'] motion to dismiss this action." (*Id.* at 3.) Defendants, however, fail adequately to address that they never filed a motion for judgment on the pleadings in this Court and the California federal court did not analyze Plaintiff's motion to stay because it determined that the motion was moot. (*See* Pl.'s Resp. Defs.' Suppl. Auth. at 1-2, ECF No. 33, making analogous observations about Defendants' argument).

For these reasons, there does not exist a fair possibility that granting Plaintiff's motion for a temporary stay will damage Defendants. *See In re PG&E,* 100 F.4th at 1087 ("[T]he Supreme Court [has] made clear that 'if there is even a fair possibility that the stay . . . will work damage to some one else,' the party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward.'" (quoting *Landis*, 299 U.S. at 255)); *see also FCA US LLC,* 2025 WL 258899, at *2 (determining that this factor weighed in favor of staying the case

PAGE 7 – OPINION AND ORDER

and noting that a stay of approximately two months was "relatively short" and the defendant's "first-filed motions [could not] eliminate the multidistrict character of this dispute when—as noted above—three courts ha[d] already granted [Plaintiff's] stay motions").

### B. Second Factor

The second factor is "the hardship or inequity which a party may suffer in being required to go forward[.]" *Ernest*, 76 F.4th at 842 (quoting *Lockyer*, 398 F.3d at 1110). This factor weighs in favor of a stay.

Defendants argues that Plaintiff will not suffer any prejudice if the Court declines to stay this action. (Defs.' Resp. at 3.) Defendants also emphasizes that Plaintiff did not request a complete stay of proceedings in the Michigan federal court, and in turn argues that Plaintiff "only seeks a selectively applied stay that would allow its claims to be decided in its preferred forum." (*Id.*)

Other district courts have rejected these arguments. For example, the Minnesota federal court "struggle[d] to find the relevance of [Plaintiff's] representations to another court[] under different circumstances[.]" *FCA US LLC*, 2025 WL 314966, at *2. The Indiana federal court also noted that Plaintiff "must seek consolidation by JPML motion because the [local] [u]nions refused to consent to personal jurisdiction in, and will not agree to transfer to, the Eastern District of Michigan, thereby preventing transfer to that court under 28 U.S.C. § 1404(a)." *FCA US LLC*, 2025 WL 258899, at *2. The Indiana federal court added that although "[it] may be true that [Plaintiff] could have avoided the 'personal jurisdiction problem' by bringing a single case solely against . . . UAW," Plaintiff's "position [was] that to obtain complete relief in this national dispute, [it] needed to bring actions against all local unions with strikable grievances, which necessitated filing lawsuits in courts that . . . ha[d] personal jurisdiction over each local union." *Id.*

PAGE 8 – OPINION AND ORDER

The Court also notes that if the JPML grants Plaintiff's motion to transfer and consolidates Plaintiff's cases for pre-trial purposes, Plaintiff would not need to file any supplemental briefing regarding the first-to-file rule. See *FCA US LLC*, 2025 WL 314966, at *3 (finding that the second factor favored a stay and noting that the "[d]efendants requested oral argument [on] their motion to transfer venue, . . . [which was] precisely the type of proceeding that could be rendered 'unnecessary' if the JPML decides to consolidate the cases") (citation omitted).

In sum, the Court concludes that the second factor favors granting Plaintiff's motion for a temporary stay.

### C. Third Factor

The third factor is "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Ernest*, 76 F.4th at 842 (quoting *Lockyer*, 398 F.3d at 1110). Courts also refer to this factor as "judicial efficiency." *In re PG&E*, 100 F.4th at 1085 (quoting *Dependable Highway*, 498 F.3d at 1066. The Court finds that this factor also favors a stay.

The Ninth Circuit has "repeatedly held that a district court does not abuse its discretion by staying litigation for efficiency reasons pending resolution of other related proceedings." *Id.* at 1086 (citing *Lockyer*, 398 F.3d at 1110-12). Thus, "[a] district court may stay a case 'pending resolution of independent proceedings which bear upon the case,' and [this circuit has] clarified 'that the issues in such [independent] proceedings' do not need to be 'necessarily controlling of the action before the [district] court.'" *Id.* (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)). Consistent with these authorities and persuasive decisions from other circuits, the Court finds that judicial efficiency supports granting a temporary stay. See *FCA US LLC*, 2025 WL 258899, at *2 ("Staying this action until the JPML rules on

PAGE 9 – OPINION AND ORDER

[Plaintiff's] motion is the most efficient and orderly way to resolve this venue issue. Staying proceedings will preserve courts' resources while a single judicial body—the JPML—decides the venue issue."); *FCA US LLC*, 2025 WL 314966, at *3 ("[S]taying these proceedings prevents the [c]ourt from potentially expending its resources familiarizing itself with the facts and law of a case that will be heard by another judge. At the end of the day, whether transferred to the Central District of California or the Eastern District of Michigan, this matter would not be litigated in the District of Minnesota if either party prevails on their transfer motions.") (simplified).

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiff's motion for a temporary stay pending the JPML's resolution of Plaintiff's motion to transfer this case under 28 U.S.C. § 1407 (ECF No. 15), and DEFERS its ruling on Defendants' motion to dismiss or stay under the first-to-file rule (ECF No. 13).[3]

**IT IS SO ORDERED.**

DATED this 21st day of February, 2025.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[3] The Court strikes the date on which it took Defendants' motion under advisement (ECF No. 27) and will address this matter if the JPML denies Plaintiff's motion to transfer.