IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FCA US LLC, | Case No. 3:24-cv-01698-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) and UAW LOCAL 492, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America's ("UAW") and UAW Local 492's (together, "Defendants") motion to dismiss or stay this action pursuant to the first-to-file rule. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons explained below, the Court grants Defendants' motion to dismiss or stay under the first-to-file rule and

PAGE 1 – OPINION AND ORDER

stays this case pending the Ninth Circuit's resolution of Plaintiff's appeal in the first-filed action.[1]

## BACKGROUND

On October 4, 2024, Plaintiff FCA US LLC ("Plaintiff") filed this action against Defendants under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (ECF No 1.) The previous day, Plaintiff filed a virtually identical case against UAW and its local union in the U.S. District Court for the Central District of California. Complaint at 1-14 & Exhibit A at 1-4, *FCA US LLC v. UAW*, No. 5:24-cv-02123 (C.D. Cal. filed Oct. 3, 2024), ECF No. 1.

Plaintiff also "filed substantively identical suits . . . in [ten] other states naming UAW and the relevant local UAW unions as defendants[.]" *FCA US LLC v. UAW*, No. 24-cv-04041, 2025 WL 314966, at *1 (D. Minn. Jan. 28, 2025) (simplified); *see also FCA US LLC v. UAW*, No. 1:24-cv-01755, 2025 WL 258899, at *1 (S.D. Ind. Jan. 21, 2025) ("The cases are identical in all relevant respects[.]"). Each case concerns Plaintiff's and UAW's collective bargaining

---

[1] Not all parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Nevertheless, the Court may resolve Defendants' motion to dismiss or stay under the first-to-file rule by temporarily staying this action pending the appeal in Plaintiff's first-filed action, because such a ruling does not dispose of any claims or defenses or effectively deny any ultimate relief sought, and therefore is nondispositive. *See Mitchell v. Valenzuela*, 791 F.3d 1166, 1170 (9th Cir. 2015) ("'[W]here the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to determine the matter.' . . . By contrast, a motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" (quoting *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013))); *cf. In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1084-86 (9th Cir. 2024) (noting that orders imposing "lengthy" and/or "indefinite" stays may effectively place a litigant out of federal court and amount to a refusal to proceed on the merits but a district court may stay litigation for efficiency reasons pending resolution of a related matter which bears upon the case) (simplified).

PAGE 2 – OPINION AND ORDER

agreement ("CBA"), which expires in 2028 and includes a "Letter 311." *FCA US LLC*, 2025 WL 314966, at *1.

The CBA "prohibits UAW and its local unions . . . from initiating or authorizing a strike before the CBA's grievance process is exhausted," and Letter 311 memorializes Plaintiff's "various conditional promises of future investments[.]" *Id.*; *see also FCA US LLC*, 2025 WL 258899, at *1 n.1 (explaining that the CBA's Letter 311 summarizes various investments in "numerous plants, including in Illinois and Michigan"). In its lawsuits, Plaintiff alleges that "UAW and [its respective local union] are engaged in a campaign of false communications to the public about Letter 311, 'sham' grievances claiming [Plaintiff] is violating Letter 311, and impermissible threats to strike in support of those grievances." *FCA US LLC*, 2025 WL 258899, at *1.

On December 2 and December 11, 2024, respectively, Defendants moved to dismiss, stay, or transfer under the first-to-file rule and Plaintiff moved for a temporary stay pending the Judicial Panel on Multidistrict Litigation's ("JPML") resolution of its motion to transfer under 28 U.S.C. § 1407. (ECF Nos. 13, 15.) The parties completed their briefing on January 9, 2025, and the Court took the parties' motions under advisement on January 24, 2025. (ECF Nos. 24-25, 27.)

On February 6, 2025, the California federal court entered an Order granting the defendants' motion for judgment on the pleading under Federal Rule of Civil Procedure ("Rule") 12(c), dismissing the first-filed action on the ground that Plaintiff's claims were unripe and terminating the case. *See* Minutes & Order at 1-7, *FCA US LLC v. UAW*, No. 5:24-cv-02123 (C.D. Cal. filed Feb. 6, 2025), ECF No. 55 (noting in the docket text that the "[c]ase [was] [t]erminated").

PAGE 3 – OPINION AND ORDER

On February 21, 2025, the Court issued an Opinion and Order ("O&O") granting Plaintiff's motion for a temporary stay pending the JPML's resolution of its motion to transfer. (ECF No. 35.) The Court also deferred its ruling on Defendants' motion under the first-to-file rule. (*Id.*)

In its O&O, the Court explained, among other things, that Defendants' supplemental authorities failed adequately to address intervening events that were relevant to the Court's analysis of Defendants' motion under the first-to-file rule. (ECF No. 35 at 6.) To that end, the Court noted that there must be an action pending in the first district court for the first-to-file rule to apply, and that a court's analysis typically begins with chronology of lawsuits. (*Id.*, first citing *Harman Int'l Indus., Inc. v. Jem Accessories, Inc.*, No. 23-55774, 2024 WL 4750497, at *1 (9th Cir. Nov. 12, 2024); and then citing *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015)); *see also Harman*, 2024 WL 4750497, at *1 (noting that the appellant filed the first action in New York federal court before the appellee filed the second action in California federal court and instead of appealing the dismissal of the New York action or refiling a "separate action" in the same district, the appellant filed a counterclaim in the California action, and holding that the "first-to-file rule [did] not apply" because there was "[n]o action . . . pending in New York [federal court] at the time the California [federal] court denied the [appellant's] motion to dismiss or transfer"), *petition for cert. filed*, No. 24-1011 (U.S. Mar. 21, 2025).

On March 4, 2025, Plaintiff filed its notice of appeal in the first-filed action. *See* Notice of Appeal, *FCA US LLC v. UAW*, No. 5:24-cv-02123 (C.D. Cal. filed Mar. 4, 2025), ECF No. 56.

///

PAGE 4 – OPINION AND ORDER

On April 1, 2025, the JPML issued an Order denying Plaintiff's motion to transfer this case pursuant to 28 U.S.C. § 1407. *See In re FCA US LLC "Letter 311" Labor Cont. Litig.*, --- F. Supp. 3d ----, 2025 WL 1037573, at *1-2 (J.P.M.L. Apr. 1, 2025) (holding that centralization in the U.S. District Court for the Eastern District of Michigan was "not warranted for several reasons," and observing that there were "eleven actions [that] remain[ed] pending in eleven districts").

Also on April 1, 2025, the Court issued an Order lifting the temporary stay that it previously imposed and setting an April 15, 2025 deadline for the parties to file simultaneous supplemental briefing on the first-to-file rule issues that the Court identified in its O&O. (ECF No. 36.)

The parties timely filed their supplemental briefing on April 15, 2025. (ECF Nos. 37-38.) The Court entered an Order taking Defendants' motion under advisement that same day. (ECF No. 39.)

## DISCUSSION

Defendant moves to dismiss or stay this action under the first-to-file rule. (*See* Defs.' Mot. Dismiss & Alt. Req. Stay ("Defs.' Mot.") at 2, ECF No. 13, requesting a court "order dismissing or staying this action under the first-to-file rule"; *see also* Defs.' Mem. Supp. Mot. Dismiss & Alt. Req. Stay ("Defs.' Mem. Supp.") at 2, ECF No. 13-1, seeking a stay "in the alternative").

I.  APPLICABLE LAW

"The first-to-file rule allows a district court to stay[, transfer, or dismiss] proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp.*, 787 F.3d at 1240; *see also In re Bozic*, 888 F.3d 1048, 1056 (9th Cir. 2018) ("Th[is] rule allows a court to transfer, stay, or dismiss a later-filed suit in deference to an

PAGE 5 – OPINION AND ORDER

earlier-filed suit" (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991))). "The first-to-file rule is intended to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'" *Kohn Law Grp.*, 787 F.3d at 1240 (quoting *Alltrade*, 946 F.2d at 625).

"The most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." *Alltrade*, 946 F.2d at 623 (simplified). "When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'" *Kohn Grp.*, 787 F.3d at 1240 (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir.1999)). Thus, in evaluating "whether the rule applies, courts look to: (1) the chronology of the lawsuits, (2) the similarity of the parties involved, and (3) 'the similarity of the issues at stake.'" *Dang v. TEOCO Corp. Grp. Benefits Plan*, No. 21-55032, 2023 WL 5925890, at *2 (9th Cir. Sept. 12, 2023) (quoting *Alltrade*, 946 F.2d at 625); *see also Kohn Law Grp.*, 787 F.3d at 1240 (citing the same three factors).

## II.     ANALYSIS

The Court concludes that the three factors relevant to its analysis (i.e., the chronology of the lawsuits, the similarity of the parties involved, and the similarity of the issues at stake) demonstrate that the first-to-file rule applies here. The Court further concludes that it is appropriate to impose a temporary staying pending the Ninth Circuit's resolution of Plaintiff's appeal in the first-filed action.

### A.     Chronology of the Lawsuits

It is undisputed that Plaintiff filed the California action before it filed the case pending in this Court. (*See* Def.'s Mem. Supp. at 3-4, 7, providing a chart of the relevant filing dates and stating that Plaintiff "filed the first of its twelve complaints in the Central District of California

on October 3, [2024]," the day before filing this case; Pl.'s Opp'n Def.'s Mot. Dismiss & Alt. Req. Stay ("Pl.'s Opp'n") at 13, stating that Plaintiff "filed the first of twelve lawsuits . . . in the Central District of California only because that was where a local union first authorized a strike vote"). The JPML also identified the California case as the "first-filed action." *In re FCA US LLC*, 2025 WL 1037573, at *1 n.2 ("Twelve actions were listed on the motion but the first-filed action, in the Central District of California, was dismissed on the pleadings on February 6, 2025.").

Accordingly, the Court concludes that the first factor is satisfied. *See Dang*, 2023 WL 5925890, at *2 ("Dang's California suit was filed before Pontier's Nevada suit. *Compare* Complaint, *Dang v. Pontier*, No. 19-1519 (S.D. Cal. Aug. 13, 2019), *with* Complaint, *Pontier v. Geico*, No. 20-1446 (D. Nev. Aug. 5, 2020)."); *see also Kohn Law Grp.*, 787 F.3d at 1240 (noting that courts typically "start by analyzing which lawsuit was filed first," holding that analysis of the first factor was unnecessary because the plaintiff did "not argue that the present case was filed first," and as a result, proceeding on the "assum[ption]" that the first "requirement [was] met").

### B.    Similarity of the Parties

"Regarding similarity of the parties, . . . the first-to-file rule does not require exact identity of the parties." *Kohn Law Grp.*, 787 F.3d at 1240 (first citing *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir. 1997); then citing *Herer v. Ah Ha Publ'g, LLC*, 927 F. Supp. 2d 1080, 1089 (D. Or. 2013); and then citing *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008)). Instead, "the first-to-file rule requires only substantial similarity of parties." *Id.* (first *Harris County v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (5th Cir. 1999); and then citing *Adoma v. Univ. of Phx., Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010)). The Ninth Circuit has recognized that requiring only substantial

PAGE 7 – OPINION AND ORDER

similarity of parties aligns with the understanding the "first-to-file rule should not be applied 'mechanically[.]'" *Id.* (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)).

The Court concludes that the second factor (the similarity of the parties) is satisfied here. All of Plaintiff's actions, including this action and the first-filed action in California, involve the same plaintiff and primary defendant. *See In re FCA US LLC*, 2025 WL 1037573, at *1-3 & n.3 (attaching a "Schedule A" listing the sole plaintiff and primary defendant in each of these cases, case numbers, and court locations, and noting that "both [Plaintiff] and the International UAW are parties in all actions," "[t]he International UAW is a defendant in all actions," and "[e]ach [of Plaintiff's] action[s] also names one or more of UAW Local Unions 12, 51, 125, 186, 230, 372, 412, 422, 492, 509, 573, 685, 868, 869, 889, 1166, 1178, 1264, 1268, 1284, 1435, 1761, and 2360").

*Kohn* addressed a situation similar to the one presented here. In that case, "a defendant in the [first-filed] interpleader action . . . [was] not named in the [subsequently filed] action." *Kohn*, 787 F.3d at 1240. The Ninth Circuit rejected the plaintiff's argument that this defendant's absence meant that the parties were "not substantially similar," and "conclude[d] that the omission of [that defendant] from the [subsequently filed] action [did] not defeat application of the first-to-file rule." *Id.* In so concluding, the Ninth Circuit explained that it had previously "affirmed a district court's decision not to hear a second-filed case under the first-to-file rule even though the first-filed case contained a defendant not named in the second case," and that "[a] contrary holding could allow a party such as [the plaintiff in *Kohn*] to skirt the first-to-file rule merely by omitting one party from a second lawsuit." *Id.* (citing *Alltrade*, 946 F.2d at 624 & n.3, 629)).

Like *Kohn*, the Court finds that this action and the first-filed action involve substantially similar parties. *See Dang*, 2023 WL 5925890, at *2 (holding that the "district court did not abuse its discretion in finding 'substantial similarity of parties' between the two actions," and noting that three defendants' absences from the first-filed action did "not eliminate the substantial similarity").

C.     **Similarity of the Issues**

With respect to the third factor, "[t]he issues in both cases also need not be identical, only substantially similar." *Kohn Law Grp.*, 787 F.3d at 1240-41 (first citing *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677-78 (5th Cir. 2011); then citing *Adoma*, 711 F. Supp. 2d at 1148; and then citing *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006)). In evaluating "whether two suits involve substantially similar issues, [courts ask if] there is 'substantial overlap' between the two suits." *Id.* at 1241 (quoting *Harris County*, 177 F.3d at 319); *Dang*, 2023 WL 5925890, at *2 (same).

The Court concludes that the third factor is satisfied here. Plaintiff's "actions involve virtually identical allegations and claims, differing only in that each names a different UAW local or locals." *In re FCA US LLC*, 2025 WL 1037573, at *1. Further, "[i]n each action, [Plaintiff] seeks a declaration that the union's conduct 'expressly conflicts' with the terms of Letter 311 and that any strike would breach the CBA." *Id.* Thus, Plaintiff's "requested relief" in all of its cases, including this one and the first-filed action, "will turn on the interpretation of Letter 311 and the CBA," which are "primarily legal—not factual—issues[.]" *Id.*

Given the crux of Plaintiff's claims, there is "substantial overlap" between this lawsuit and Plaintiff's first-filed action. *See Dang*, 2023 WL 5925890, at *2 (looking to the "crux" of the claims at issue in each case).

///

PAGE 9 – OPINION AND ORDER

### D. Conclusion

For all of these reasons, the Court concludes that the relevant factors demonstrate that the first-to-file rule applies here.

The Court exercises its discretion to stay this proceeding pending the Ninth Circuit's resolution of Plaintiff's pending appeal in the first-filed California action. *Cf. Dolores Press, Inc. v. Jones*, 766 F. App'x 455, 460 (9th Cir. 2019) ("[E]ven if the district court did not err in concluding that the first-to-file rule applies, it abused its discretion by dismissing the action, rather than staying it or consolidating it with the earlier filed action. . . . '[W]here the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed.' . . . Dismissal under the first-to-file rule is improper if it would prejudice the plaintiff in the second-filed case from presenting its claims in either the first-filed case or a later case. . . . When the district court dismissed the Fourth Action under the first-to-file rule, the Second Action had already been dismissed (and that dismissal was on appeal)." (quoting *Alltrade*, 946 F.2d at 628-29)); *see also In re PG&E Corp. Sec. Litig.*, 100 F.4th at 1084-86 (recognizing that a court may find it "efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case," but also noting that lengthy or indefinite stays are disfavored and may place a litigant out of federal court or amount to a refusal to proceed on the merits) (simplified).

The parties shall file status reports every ninety days updating the Court on the status of Plaintiff's appeal. If Plaintiff's appeal remains pending after December 31, 2025, the parties may contact the Court about scheduling a conference to discuss whether it may be appropriate to lift the stay.

///

PAGE 10 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to dismiss or stay under the first-to-file rule (ECF No. 13), and stays this case pending the Ninth Circuit's resolution of Plaintiff's appeal in its first-filed action. The parties shall file joint status reports every ninety days.

**IT IS SO ORDERED.**

DATED this 19th day of May, 2025.

                                        */s/ Stacie F. Beckerman*
                                        HON. STACIE F. BECKERMAN
                                        United States Magistrate Judge